**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01758-REB-KMT

DORN COMPANIES, LTD,

    Plaintiff,

v.

RYAN TURCOTTE

    Defendant.

---

## ORDER DENYING MOTION TO TRANSFER

**Blackburn, J.**

The matter before is the **Defendant's Motion to Transfer for Convenience** [#14] filed November 26, 2008. Plaintiff filed a response [#15] dated December 16, 2008, and defendant filed a reply [#16] dated December 31, 2008. I deny the motion.

### I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332.

### II. BACKGROUND

Plaintiff, Dorn Companies, LTD, is incorporated under the laws of the State of Colorado. (Def.'s Mot. Transfer ¶ 3 at 2). Defendant, Ryan Turcotte, is a massage therapist who resides in the State of California. (Id. ¶ 2 at 3). Plaintiff executed an Independent Subcontractor Agreement (the "Agreement") with defendant on June 26, 2003, in California, and agreed to provide massage therapy services to the employees of the plaintiff's client, the County of Riverside, California (the "County"). (Id.). The Agreement contained a forum selection clause: "The Independent Subcontractor agrees

to [sic] that venue for any action arising with respect to this Agreement will be in the City and County of Denver, Colorado." (Pl.'s Resp. To Def.'s Mot. Transfer ¶ 1 at 2). The Agreement also contained a non-compete provision. (Id.).

On or about July 1, 2003, defendant began providing massage therapy services to the County's employees pursuant to his Agreement with the plaintiff. (Def.'s Mot. Transfer ¶ 3 at 3). In December 2004, the County ended its relationship with plaintiff; in turn, defendant ended her relationship with plaintiff in January 2005. (Id. ¶ 1 at 4). In February 2005, defendant began working for the County, at the County's request, and is still employed by the County. (Id.). Consequently, plaintiff filed suit in Colorado alleging claims for breach of contract, interference with contractual obligations, and civil conspiracy. (Id. ¶ 1 at 1). Defendant argues that the forum selection provision should not be enforced under the circumstances of this case, and that the case should be transferred under 28 U.S.C. § 1404(a) to the Central District of California, Eastern Division.

### III.  ANALYSIS

28 U.S.C. 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving to transfer a case under § 1404(a) carries the burden of showing that the existing forum is inconvenient. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."[1]  ***Stewart Org., Inc. v. Ricoh Corp.***, 487

---

[1] A threshold question is whether the action initially "might have been brought" in the proposed transferee court. ***See Hoffman v. Blaski***, 363 U.S. 335, 342-44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Here, the action could have been brought in the proposed transferee court; therefore, the district court

U.S. 22, 29 (1988).  Among the factors to be considered are 1) the plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflict of laws; 8) the advantage of having a local court determine questions of local law; and, 9) all other considerations of a practical nature that make a trial easy, expeditious and economical.  **Chrysler Credit Corp.**, 928 F.2d at 1516.

The presence of a forum-selection clause is a "significant factor" in the § 1404(a) analysis; however, it "should receive neither dispositive consideration . . . nor no consideration."  **Stewart Org., Inc.**, 487 U.S. at 29, 32.  Thus, I must weigh all of the relevant factors, including the forum selection clause.  **See REO Sales, Inc. v. Prudential Ins. Co. of Am.**, 925 F. Supp. 1491, 1495 (D. Colo. 1996).  It is important to determine whether the forum selection clause at issue is mandatory or permissive.  **Excell, Inc. v. Sterling Boiler & Mech.**, 106 F.3d 318, 321 (10th Cir. 1997)  "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."  **Id**. (internal quotation and citation omitted).  On the other hand, permissive clauses allow parties to bring actions in specific tribunals but do not prohibit such actions from being brought elsewhere."  **Id.**  Mandatory forum-selection clauses are given great weight in § 1404(a) analyses.  **See REO Sales, Inc.**, 925 F. Supp. at 1493 (discussing how forum-selection clauses "will often carry the day when

---

engages in the multi-factor analysis.

making a section 1404(a) determination.").

Plaintiff contends that the forum-selection clause in the Agreement is mandatory. Based on the Tenth Circuit's illustration of a mandatory forum-selection clause in *Excell*, I find and conclude that the forum selection clause in the Agreement is mandatory. *Excell*, 106 F.3d at 321. The forum selection clause at issue in *Excell* provided that "(j)urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." *Id*. The Tenth Circuit concluded that this clause was mandatory and required that any action be brought in El Paso County, Colorado. *Id*.[2] The Agreement's forum-selection clause similarly is mandatory because it contains clear and jussive language: "venue for any action arising with respect to this Agreement *will be* in the City and County of Denver, Colorado." (Pl.'s Resp. To Def.'s Mot. Transfer ¶ 1 at 2) (emphasis added). I must accord great weight to the mandatory forum-selection clause in this § 1404(a) analysis.

Despite the existence of the mandatory forum-selection clause, defendant argues that the other factors relevant to this inquiry warrant a transfer. (Def.'s Mot. Transfer ¶ 1 at 2). However, I find and conclude that the other § 1404(a) factors are a wash. The convenience of the witnesses, the cost of making the necessary proof, and the locus of operative facts are factors that weigh in favor of the defendant. However, the convenience of the parties, the accessibility of other sources of proof, and the advantage of having a local court determine questions of local law, including the forum's familiarity with governing law, are either a wash or weigh in favor of the plaintiff. In sum,

---

[2] I note that the *Excell* court discussed the distinction between filing in state court and filing in federal court in the context of a mandatory forum selection clause that specified a particular county as the mandatory forum. The distinction between federal court and state court is not at issue here.

4

it would be easier for the defendant to defend this case in California and easier for the plaintiff to pursue this case in Colorado.

I find and conclude that the defendant has not carried the burden of showing that the existing forum is so inconvenient that this case must be transferred under § 1404(a). Aside from the mandatory forum selection clause, the other factors relevant to this inquiry do not override the substantial weight I must accord to the mandatory forum-selection clause.  Therefore, I decline to exercise the discretion afforded to me under § 1404(a) and conclude that a transfer is inappropriate.

**THEREFORE, IT IS ORDERED** that the defendant's **Motion to Transfer for Convenience** [#14] filed November 26, 2008, is **DENIED**.

Dated May 12, 2009, at Denver, Colorado.

**BY THE COURT**:

Robert E. Blackburn
United States District Judge